IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BENJAMIN HENDREN,

    Plaintiff,

      v.

JOHN PATTON, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-2921-TWT

# OPINION AND ORDER

This is a civil rights case. It is before the Court on the Plaintiff Benjamin Hendren's Motion for Leave to Amend and For Reconsideration [Doc. 37]. For the following reasons, the Motion is GRANTED in part and DENIED in part.

## I. Background

This action arises from the alleged unlawful detention of the Plaintiff Benjamin Hendren while he worked as a photojournalist by officers of the Georgia State University Police Department ("GSUPD"). (First Am. Compl. ¶ 1). On March 21, 2025, the Court granted Defendants Brasfield & Gorrie, LLC, Brasfield & Gorrie, LP, Jackson Bussey, and Moses Paige's Motion to Dismiss.[1] [Doc. 34]. In that Order, the Court examined contradictory allegations as to the timing of the Plaintiff's arrest with regard to the GSU Defendants' alleged encouraging of the Brasfield Defendants to make inculpatory statements identifying the Plaintiff as a protestor. (Op. & Order

---

[1] The Court will refer to these Defendants as the Brasfield Defendants.

dated Mar. 21, 2025, [Doc. 34], at 8-10). The contradictory timing allegations led the Court to conclude that the First Amended Complaint failed to plausibly allege that the state compulsion test was satisfied as to the § 1983 claim, since it alleged that the arrest took place before the GSU Defendants allegedly coerced incriminating statements from the Brasfield Defendants. (*Id.* at 10-12). The Court further found the timing allegations doomed the Plaintiff's conspiracy, false imprisonment, and negligence claims against the Brasfield Defendants. (*Id.* at 8-14).

On April 9, 2025, the Plaintiff moved to amend the First Amended Complaint and for reconsideration, acknowledging his "inartful" drafting and requesting leave to amend "to remove any ambiguity about sequence and to attach video that he now has which confirms the sequence" of events surrounding his arrest. (Pl.'s Mot. for Recons., at 1-5). He also requests reconsideration on the same grounds, arguing that the First Amended Complaint clearly stated in certain paragraphs that he was arrested after the Brasfield Defendants' alleged false statements and that Fed. R. Civ. P. 8 entitled him to plead inconsistent claims or defenses. (*Id.* at 5-8). The Brasfield Defendants oppose the Motion, arguing that Rule 8 does not permit inconsistent facts, no grounds for reconsideration exist, and granting leave to amend would be futile. (Brasfield Defs.' Resp. in Opp'n to Mot. for Recons., at 3-9).

2

## II. Legal Standards

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* This decision is discretionary, but the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

## III. Discussion

The Plaintiff attached to his Motion a proposed Second Amended Complaint that "clarifies the sequence of events" surrounding his arrest. (Pl.'s

3

Mot. for Recons., at 3). He contends that Rule 15 counsels in favor of allowing amendment here because he promptly moved to amend after receiving the Court's Order and none of the exceptions apply. (*Id.* at 4).

The Court will grant the Plaintiff's request for leave to amend. Although the Court agrees with the Plaintiff that better draftsmanship could have avoided the fatal flaws of the First Amended Complaint, justice requires permitting further amendment here because the Plaintiff might state a claim against the Brasfield Defendants if the complaint was "more carefully drafted." *Garcia*, 48 F.4th at 1220. The Brasfield Defendants have not argued undue delay, bad faith, or prejudice if amendment is allowed; instead, they argue only that amendment would be futile because the proposed Second Amended Complaint does not cure the sequencing defects that led to dismissal of the First Amended Complaint against them. The Court agrees as to the latter. In its Order granting the Brasfield Defendants' Motion to Dismiss, the Court specifically identified paragraphs 42, 45 through 48, and 52 of the First Amended Complaint as contradicting paragraphs 58 and 66, which expressly state that the Plaintiff was not arrested until after the Brasfield Defendants identified him. (*See* Op. & Order dated Mar. 21, 2025, at 8-9). The proposed Second Amended Complaint does almost nothing to rectify these contradictions. The only changes are the addition of a heading that reads "Facts Primarily About the Brasfield Gorrie Defendants' Culpability" before

4

paragraph 52, and the addition of the words "Before Hendren was arrested" to paragraph 52. (*See* Proposed Second Am. Compl., [Doc. 37-1], ¶ 52). For these reasons, the Court will not permit docketing the proposed Second Amended Complaint but will grant the Plaintiff 14 days to file a revised Second Amended Complaint that rectifies the pleading errors identified herein as well as in the Court's prior Order granting the Brasfield Defendants' Motion to Dismiss.

Because the Court is granting the Plaintiff's request for leave to amend, the request for reconsideration will be denied as moot.[2] Nonetheless, the Court pauses to address one troubling argument presented by the Plaintiff, which is his contention that Rule 8 permits plaintiffs to plead inconsistent factual allegations. (*See* Pl.'s Mot. for Recons., at 7-8). That is an incorrect statement of the law. Rule 8 permits inconsistent claims for relief or defenses, not inconsistent statements of the facts giving rise to those claims or defenses. While it is true that a plaintiff may state inconsistent factual theories if necessary to support inconsistent legal claims, "Rule 8's permission to pursue alternative legal and factual theories is not unlimited." *Wellnext LLC v. OVM LLC*, 2018 WL 7048129, at *7 (S.D. Fla. Feb. 16, 2018). This is so because Rule 11 underlays pleadings filed in federal courts with the promise that, to the best

---

[2] Because the Plaintiff's request for reconsideration is moot, the Court has no occasion to address the body cam footage provided by the Plaintiff or the parties' arguments as to the presentation of that footage within the request for reconsideration at this time.

5

of the filer's knowledge, the factual contentions contained therein either have evidentiary support or will have such support after reasonable discovery is conducted. *Id.* "Therefore, read jointly, Rules 8 and 11 only permit the pleading of alternative factual theories if counsel, after conducting an adequate investigation, is unable to determine the true facts." *Id.* The Plaintiff here has no doubt as to the true sequence of events that underlie his claims and only one set of facts governs all his legal claims. To the extent his allegations remain inconsistent, it is due to self-admitted poor draftsmanship, which Rule 8 does not condone.

## IV. Conclusion

For the foregoing reasons, the Plaintiff Benjamin Hendren's Motion for Leave to Amend and For Reconsideration [Doc. 37] is GRANTED as to the request for leave to amend and DENIED as moot as to the request for reconsideration. The Plaintiff is DIRECTED to file a revised Second Amended Complaint that resolves the pleading deficiencies identified herein within 14 days of the date of this Order. The Plaintiff is cautioned that further leave to amend will not be granted.

SO ORDERED, this ___16th___ day of October, 2025.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge