UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BENJAMIN HENDREN,

    Plaintiff,

        v.

JOHN PATTON, et al,

    Defendants.

Civil Action File
No.: 1:24-cv-2921-TWT

**PLAINTIFF'S NOTICE OF OBJECTION TO BRASFIELD
DEFENDANTS' NEW ARGUMENT MADE FOR FIRST TIME IN
REPLY BRIEF OR ALTERNATIVE MOTION FOR SURREPLY**

The Brasfield Defendants have thrice moved to dismiss Plaintiff's

negligence claim. For the very first time, in their reply brief to their new

motion, they raise a new argument. Now, they say that "Plaintiff's contention

that a negligent falsehood leading to arrest is a colorable claim under Georgia

law is incorrect." Doc. 80 at 14. That argument was not raised in their

operative motion to dismiss. *See* Doc. 67 at 21–22 (only arguing about

causation).

"[T]he Court need not consider new arguments made in reply." *Boring*

*v. Pattillo Indus. Real Est.*, 426 F. Supp. 3d 1341, 1348 (N.D. Ga. 2019)

(citing *Riechmann v. Fla. Dep't of Corr.*, 940 F.3d 559, 579 (11th Cir. 2019)

and *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005)

("[A]rguments raised for the first time in a reply brief are not properly before

a reviewing court.")). There are obvious "problem[s] when a movant changes theories mid-stream and makes new arguments in their reply brief." *Tindall v. H & S Homes, LLC*, No. 5:10-CV-044 CAR, 2011 WL 5007827, at *2 (M.D. Ga. Oct. 20, 2011). For one, the non-movant is entitled to notice and an opportunity to be heard. And for another, the Court has an interest in briefing that is efficient, with a fixed endpoint. The Court should ignore the new argument and deny the Brasfield Defendants' motion to dismiss.

In the alternative, the Court should permit Plaintiff to file a surreply to address the new argument. Such a brief would show that the United States Supreme Court has recently construed Georgia's state law for, e.g., negligence and false arrest and squarely held that a plaintiff could "sue a private person for damages" under either theory, whether the torts were "intentionally or negligently" committed. *Martin v. United States*, 605 U.S. 395, 410 (2025).

The *Martin* case cited approvingly *Lyttle v. United States*, 867 F.Supp.2d 1256, 1301 (MD Ga. 2012), for the proposition that a private person could be liable for negligence leading to wrongful detention as a matter of state law. *Lyttle* said: "The Court finds that these allegations would support a general negligence claim for arrest and confinement under Georgia law." *See Lyttle*, 867 F. Supp.2d at 1301 (citing Georgia cases).

The Brasfield Defendants are wrong on the merits, which is perhaps why this argument has not been made prior, despite ample opportunity. They may press the argument to the United States Supreme Court, but their argument does not work here, especially when made for the first time in reply.

## CONCLUSION

Plaintiff's negligence claim against the Brasfield Gorrie Defendants should proceed.

Respectfully submitted, this 30th day of January, 2026.

/s/Gerald Weber
Gerald Weber
Georgia Bar No. 744878

LAW OFFICES OF GERRY WEBER, LLC
Post Office Box 5391
Atlanta, GA 31107
404-522-0507
wgerryweber@gmail.com

/s/Zack Greenamyre
Zack Greenamyre
Georgia Bar No. 293002
/s/ Samantha Funt
Samantha Funt
Georgia Bar No. 943783

MITCHELL SHAPIRO GREENAMYRE & FUNT, LLP
881 Piedmont Avenue
Atlanta, Georgia 30309
Phone: 404-812-4747
Fax: 404-812-4740

-3-

-4-

zack@mitchellshapiro.com
sam@mitchellshapiro.com

-5-

## **CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE**

I hereby certify that in accordance with LR 5.1A, I have this date electronically filed the within and foregoing in the above-styled civil action with the Clerk of Court by using the Court's CM/ECF system, which will automatically send notice of same to attorneys of record.

Pursuant to LR 7.1(D), I further certify that the within and foregoing has been prepared in accordance with Local Rule 5.1(B) and is in a 13-point Century Schoolbook font.

This 30th day of January, 2026.

/s/Zack Greenamyre
Zack Greenamyre
Georgia Bar No. 293002